## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLEOPHUS SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-04-S-0802-S** |
| | ) | |
| **CITY OF HOMEWOOD, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This action is before the court on the motion of defendant, Victory Investments, Inc., to dismiss plaintiff's claim against it pursuant to Fed. R. Civ. P. 12(b)(6).[1] Victory asserts that it was not named as a party-defendant in the original complaint, that the claim against it was not added until after the termination of the applicable limitations period, and that plaintiff has not complied with the relation back rules of Fed. R. Civ. P. 15(c).[2]  Plaintiff requests that the court convert the motion to one for summary judgment, and otherwise disputes the merits of Victory's motion on several grounds.[3]  As discussed below, the court finds conversion unnecessary, and further

---

[1] Doc. no. 50 (Victory's Motion to Dismiss).  Victory is a Georgia resident, doing business in Alabama.  *See* doc. no. 33 (Amended Complaint) at 2.  Plaintiff is a citizen of Dayton, Ohio. *See id.*  This court has diversity jurisdiction over plaintiff's claims against Victory.  *See id.*

[2] *See* doc. no. 51 (Memorandum in Support of Victory's Motion to Dismiss); doc. no. 54 (Victory's Reply Memorandum); *see also* doc. no. 33 (Amended Complaint).

[3] *See* doc. no. 53 (Plaintiff's Response to Defendant's Motion to Dismiss).

concludes that plaintiff's amended complaint states a cause of action for wantonness, which remains viable due to the applicability of a six-year statute of limitations. Conversely, to the extent that the count at issue could also be construed to allege a claim based upon a theory of simple negligence, that claim is governed by a two-year statute of limitations, and the amendment does not relate back on these facts. In summary, therefore, defendant's motion is due to be denied in part and granted in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the night of April 20, 2002, plaintiff Cleophus Smith ("plaintiff"), was pulled over by Officer Michael O'Rear ("Officer O'Rear") of the Homewood Police Department.[4] After being placed in handcuffs, plaintiff fled the scene and sought cover in an area of trees above "The Palisades" shopping center; Officer O'Rear, of course, gave chase.[5] Emerging through the wooded area, plaintiff realized that he was standing at the top of a twenty-foot retaining wall, and evidently stopped to avoid a fall.[6] About that time, Officer O'Rear caught up and tackled plaintiff, causing them both to plummet down the other side of the wall.[7] Both parties were significantly

---

[4] *See* doc. no. 33, ¶ 15.

[5] *Id.*

[6] *Id.*

[7] *Id.*

injured as a result of the fall.[8]  Additionally, plaintiff alleges that, on arriving at the bottom of the wall, he was severely beaten by Officer O'Rear and three other officers.[9]

Although they disagree as to the allegations of excessive force,[10] both O'Rear and plaintiff contend that defendant Victory Investments, Inc. ("Victory"), the owner of The Palisades shopping center, failed to adhere to the required standard of care in maintaining the retaining wall on its property.[11]  On August 5, 2002, Officer O'Rear brought suit against Victory and plaintiff in the Circuit Court of Jefferson County, Alabama, seeking to recover for the injuries he suffered incident to the apprehension of plaintiff.[12]  Almost two years later, on April 19, 2004, plaintiff filed a separate suit in this court against O'Rear and the other officers involved in the alleged beating, the City of Homewood, the Homewood Police Department, and the Chief of Police for the Homewood Police Department.[13]  No mention of Victory was made in the original complaint, although plaintiff listed certain fictitious parties in the caption, using the following language:

---

[8] *Id*. at ¶ 16; doc. no. 51, ¶ 8.

[9] Doc. no. 33, ¶ 16.

[10] *Compare id*. (alleging excessive force) *and* doc. no. 18 (Officer O'Rear's Answer), ¶ 16 (denying same).

[11] *See* doc. no. 33, ¶ 42; doc. no. 51, ¶ 8.

[12] Doc. no. 50, Exhibit B (Officer O'Rear's State Court Complaint).

[13] Doc. no. 1 (Plaintiff's Original Complaint).

> FICTITIOUS PARTIES A through Z, being those persons, firms, corporations or entities whose negligent intentional and wanton actions or omissions caused the injuries complained of herein and whose names are otherwise unknown but will be added by amendment when ascertained.[14]

In each count of what is in many respects a finely drafted complaint, plaintiff set forth with clarity the defendants purportedly liable for the conduct complained of, but no other reference was made to fictitious parties generally, or to Victory specifically.    In fact, the counts asserted therein were limited to claims of: (1) excessive force by the officers on the scene; (2) cruel and unusual punishment by the officers on the scene; (3) failure by officers on the scene to intervene to prevent harassment; (4) assault and battery by the officers on the scene; (5) negligence on the part of the City of Homewood, the Homewood Police Department, and its Chief of Police; (6) inadequate training and supervision on the part of the City of Homewood, the Homewood Police Department, and its Chief of Police; and (7) outrage against the City of Homewood, the Chief of Police, and the officers on the scene.[15] Moreover, the section of the complaint labeled "parties" does not describe any fictitious defendant.[16]

On September 21, 2004, however, plaintiff petitioned this court for leave to

---

[14] *Id.*

[15] *Id.* at ¶¶ 25, 27, 29, 33, 35, 37.

[16] *Id.* at ¶¶ 6-13.

amend his complaint.[17]   The motion was granted,[18] and plaintiff filed the complaint currently at issue,[19] which differs from the original pleading in several significant ways.  First, the fictitious parties in the caption are eliminated, and defendant Victory is substituted for fictitious party defendant "A."[20]  Second, Victory is described in the "parties" section of the complaint as the "owner and operator of the commercial complex known as the 'Palisades.'"[21]  Third, the first paragraph of the "factual allegations" section is altered to include the statement that "[t]here was no fence or barrier to protect the Plaintiff or the general public from injury if they were to go over the cliff, nor were there any warning signs regarding the cliff."[22]   And last, a claim was added solely against Victory.  The count, which is entitled "NEGLIGENCE – VICTORY INVESTMENTS, INC.," provides, in pertinent part, as follows: "Victory, *with reckless*, *wanton*, *and willful disregard* for the Plaintiff and the general public failed to properly fence the retaining wall behind the Palisades and/or failed to construct proper warning signs regarding the drop off and lack of protection."[23]

Subsequently, on October 17, 2004, plaintiff — in his capacity as defendant in

[17] Doc. no. 31 (Motion for Leave to Amend).

[18] Doc. no. 32 (Order Granting Leave to Amend).

[19] Doc. no. 33.

[20] *See id.*

[21] *Id*. at ¶ 14.

[22] *Id*. at ¶ 15.

[23] *Id*. at ¶ 42 (emphasis supplied).

-5-

the state court suit instituted by Officer O'Rear — filed a cross-claim against Victory.[24]  Victory responded by moving to dismiss the claim on the ground that the cause of action was barred by Alabama's two-year statute of limitations for negligence claims,[25] but Jefferson County Circuit Judge Edward Ramsey denied the motion, reasoning that the cross-claim stated a claim for "reckless, wanton or willful injury," and thus was subject to a six-year statute of limitations.[26]  Victory filed a motion for reconsideration, but before the court decided that motion, it granted Victory's alternative motion to abate plaintiff's state court cross-claim in favor of this previously filed federal suit.[27]

## II.  VICTORY'S MOTION TO DISMISS

Now defending itself against plaintiff's claim exclusively before this tribunal, Victory has essentially revived its failed state court motion to dismiss.  That is, Victory asserts that the claim sounds in negligence, and that it is, therefore, time-barred because the amendment to plaintiff's complaint which added Victory and the

---

[24] Doc. no. 53, Exhibit I (State Court Order Denying Victory's Motion to Dismiss Smith's Cross-Claim).

[25] The injury in question occurred on April 20, 2002, but plaintiff did not take *any* legal action until April 19, 2004, when the federal suit was filed.  *See* doc. no. 1.  No claim against Victory emerged in federal court until September 21, 2004, and the state court cross-claim was filed nearly one month later, on October 17, 2004.  *See* doc. no. 53, Exhibit I; doc. no. 33.

[26] *See* doc. no. 53, Exhibit I.

[27] *Id*. at Exhibit K (State Court Order Granting Victory's Motion to Abate and Denying Victory's Motion for Reconsideration as Moot).  *See also* Ala. Code § 6-5-440.

claim against it came after the expiration of Alabama's two-year statute of limitations for such actions.[28]  *See* Ala. Code § 6-2-38(*l*) (1975) (1993 Replacement Vol.). Plaintiff has responded first by asking the court to convert the motion to one for summary judgment in accord with Fed. R. Civ. P. 12(b), on the ground that Victory has attached matters outside the pleadings to its motion.[29]  Additionally, plaintiff argues that the court should either give preclusive effect to the earlier state court order concluding that the complaint states a cause of action for wantonness — which is endowed with a longer limitations period[30] — or find that the claim is saved under the relation back provisions of Fed. R. Civ. P. 15(c).[31]

## A.    Conversion Under Fed. R. Civ. P. 12(b)

Plaintiff's conclusory, three-sentence argument in favor of conversion has not persuaded the court.   Indeed, it would appear that plaintiff is under the mis-impression that a court *must* convert a motion to dismiss to a motion for summary

---

[28] Doc. no. 51.

[29] *See* doc. no. 53.

[30] *See* Ala. Code § 6-2-34(1) (providing that "[a]ctions for trespass to person or liberty, such as false imprisonment or assault and battery [must be commenced within six years]"); *McKenzie v. Killian*, 887 So. 2d 861, 870 (Ala. 2004) (clarifying a long line of inconsistent precedent and holding that "wanton conduct is the equivalent in law to intentional conduct.  Such an allegation of intent renders the six-year statutory period of limitations [specified in Alabama Code § 6-2-34(1)] applicable").  As discussed below, a wantonness claim would therefore be viable regardless of whether the amendment relates back, as less than three years elapsed between the date of the injury and the filing of the amended complaint in question.  *See* doc. no. 33, ¶ 15.

[31] *See* doc. no. 53.

judgment *any time* that a movant attaches exhibits to the motion. The plain language of Rule 12(b) weighs strongly against this conclusion. The pertinent part of that rule provides:

> If on a motion . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to *and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b) (emphasis supplied). The Eleventh Circuit has recognized that the critical language concerning exclusion invests trial courts with "discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Auto Ins. Co. of Hartford*, 917 F.2d 1528, 1531-32 (11th Cir. 1990) (citing *Prop. Mgmt. & Invest., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985)). Moreover, there are some circumstances in which "the usual rules for considering 12(b)(6) motions are . . . bent." *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). One occasion that allows for deviation from the rules is when the exhibits attached to the motion are susceptible to judicial notice. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (noting that "[i]n analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, *and matters judicially noticed*")

(emphasis supplied).  Due to this exception, "a court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment." *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000).  "And a court ordinarily may treat documents from prior state court adjudications as public records." *Id.* (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

The documents affixed to the motion and briefs currently before the court are almost all pleadings or orders filed in or issued by the Circuit Court of Jefferson County, Alabama, the contents of which are not disputed.[32]  There are, however, two exceptions. First, Victory has attached two purported answers to Officer O'Rear's state court complaint which, while indisputably handwritten by plaintiff, do not bear a Clerk's stamp.[33]  Because questions surround the propriety of taking judicial notice of these documents, and because the court need not consider them to resolve the current motion, they are excluded.  *See Jones*, 917 F.2d at 1531-32.  Next, in its response to the motion to dismiss, counsel for plaintiff attached an expert report and deposition regarding Victory's alleged failure to adhere to the proper standard of care.[34]  This sort of submission is not a proper candidate for judicial notice.  *See* Fed.

---

[32] *See* Exhibits to doc. no. 50; doc. no. 51; doc. no. 53; doc. no. 54; doc. no. 55.

[33] *See* doc. no. 50, Exhibit C; doc. no. 50, Exhibit D; doc. no. 53, Exhibit B.

[34] Doc. no. 53, Exhibit D.

R. Evid. 201(a).  Moreover, and in any case, it is *totally irrelevant* to the resolution of a motion to dismiss on the basis of the statute of limitations.  Accordingly, the court excludes the expert materials as well.  *See Jones*, 917 F.2d at 1531-32.  In light of these adjustments, there is no need for conversion.

Because the court declines to convert this motion to one for summary judgment, Victory must demonstrate "beyond doubt" that under no set of facts could plaintiff recover for the cause of action asserted in his complaint.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *See also Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).  That is, treating all of the factual allegations in plaintiff's amended complaint as true, and viewing those allegations in the light most favorable to plaintiff, Victory must show that any claim is nevertheless barred by the applicable statute of limitations.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *ACCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir 1982) (noting that "[a] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), when the complaint shows on its face that the limitations period has run") (citations omitted).

**B.    Wantonness**

In its motion, defendant boldly states that "[t]he only count in the Amended

Complaint which mentions Victory is . . . for simple negligence."[35]  Plaintiff contests

this conclusion, arguing (albeit briefly) that the claim is actually for wantonness.

Moreover, citing Judge Ramsey's order denying dismissal of plaintiff's now-abated,

state-court cross-claim on that very ground,[36] plaintiff attempts to invoke principles

of collateral estoppel to bar reconsideration by this court.  *See generally* Charles Alan

Wright, *The Law of Federal Courts* § 100A, at 722-23 (5th ed. 1994).  Victory has

responded by asserting that the elements of collateral estoppel are lacking.  *See*, *e.g.*,

*Smith v. Union Bank & Trust Co.*, 653 So. 2d 933, 934 (Ala. 1995).  There is,

however, no need to discuss the merits of either party's position on this issue, because

regardless of who may have the better argument as to the *preclusive effect* of Judge

Ramsey's order, this court agrees with his *reasoning* — to wit, plaintiff's amended

complaint states a claim for wantonness, and wantonness claims need only be brought

within six years under Alabama law.  *See McKenzie*, 887 So. 2d at 870.

In arguing that plaintiff's claim is for negligence and not wantonness, Victory

calls attention to the fact that the count is entitled "Negligence – Victory Investments,

Inc."[37]  If Victory's argument were simply that the plaintiff's choice of title should

---

[35] Doc. no. 50.

[36] *See* doc. no. 53, Exhibit I (holding that "[t]he cross-claim states a claim for reckless, wanton or willful injury").

[37] *See* doc. no. 33 (emphasis deleted).

be persuasive in extrapolating the cause of action asserted, the court might be inclined to concur, at least to a degree — but that is not the end of the argument. Instead, defense counsel goes so far as to suggest that "Smith has not properly asserted a wantonness claim against Victory," because "Rule 10 of the Federal Rules of Civil Procedure states that '[e]ach claim . . . shall be stated in a separate count.'"[38] In this bit of disingenuous editing, counsel has egregiously misrepresented the actual content of Rule 10(b), which provides that "[e]ach claim *founded upon a separate transaction or occurrence* and each defense other than denials shall be stated in a separate count or defense *whenever a separation facilitates the clear presentment of the matters set forth*." Fed.R.Civ.P 10(b) (emphasis supplied). Properly construed, Rule 10(b) requires separation of counts only when the two prerequisites set forth in the rule are met. Here, of course, at least one of them is not: plaintiff's suit against Victory is predicated on a single injury allegedly suffered as a result of Victory's tortious breach of duty. To the extent that the count states causes of action for both negligence and wantonness, then, it is obvious that both claims arise out of the *same* "transaction or occurrence." *Id.* Therefore, the court sees no reason to penalize plaintiff for his attorney's decision to group any and all claims under the heading "Negligence." No rule required separate enumeration of the causes of action, and the body of the count

---

[38] *See* doc. no. 54 at 4 n.1.

clearly conveys plaintiff's conviction that Victory acted "*with reckless, wanton, and willful disregard*" for the safety of others.[39]   In fact, in the absence of the title, it would seem difficult to dispute the fact that the count states a claim for wantonness. But even if the language were not so explicit, the court's obligation on a motion to dismiss is to "determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).  Here, the allegations unambiguously give rise to a claim of wantonness.

This conclusion does not end the debate, however, because Victory contends that "premises liability cases bear a two-year statute of limitation [*sic.*], regardless of whether the claim is couched as one for negligence or one for wantonness."[40]   In support of this novel theory, Victory manages to produce only one case, *Crowl v. Kayo Oil Co.*, 848 So. 2d 930 (Ala. 2002).  In *Crowl*, the plaintiff sued Conoco, Inc., and several fictitious parties for wantonness and negligence after he slipped and fell at a Conoco service station.  *Id.* at 932.  When the plaintiff amended his complaint to substitute the owner of the service station for a fictitious party, the owner moved to dismiss, arguing that the plaintiff had failed to comply with the relation back

---

[39] Doc. no. 33, ¶ 42 (emphasis supplied).

[40] Doc. no. 54 at 5 (emphasis deleted).

-13-

provisions of Ala. R. Civ. P. 9(h), and thus the claim was barred under a *two-year* statute of limitations.  *Id.* at 934.  Significantly, the plaintiff in *Crowl* apparently never contested the applicability of the two-year statute of limitations, and the "dispositive issue" that ultimately reached the Alabama Supreme Court was whether the plaintiff "exercised 'due diligence' in ascertaining that [the owner] was one of the fictitiously named defendants in his original complaint." *Id.* at 935.  In answering the question presented, the court did comment that "[t]he statute of limitations for any injury to a person not arising from contract is two years," *id.* at 939 (citing Ala. Code § 6-2-38), but developments in the case law since the opinion in *Crowl* give this court reason to question the authoritativeness of that *dictum*.[41]

According to the Alabama Supreme Court's most recent statement on the issue, in any case where the allegation is that the defendant wantonly — as opposed to negligently — injured the plaintiff, the applicable statute of limitations is six years. *McKenzie*, 887 So. 2d at 870 (holding that "wanton conduct is the equivalent in law to intentional conduct.  Such an allegation of intent renders the six-year statutory

_____

[41] In any case, and with all due respect to the distinguished jurists of the Alabama Supreme Court, that observation is not literally correct.  The full text of Alabama Code §6-2-38(*l*), to which the court was presumably referring, provides that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." *Id.* (emphasis supplied).  However, the Alabama Legislature has also provided, in a separate section, for a six-year statute of limitations where the injury complained of is in the nature of a "trespass to person or liberty, such as false imprisonment or assault and battery." Ala. Code § 6-2-34(1).  Thus, it is not true that *all* actions for non-contractual injuries to a person must be brought within two years.

period of limitations [specified in Alabama Code § 6-2-34(1)] applicable"). *See also Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998). Victory's confusion on this issue is at least partially understandable, for the efforts of Alabama courts to distinguish between the two relevant statutes have led to "a quagmire in Alabama jurisprudence." *McKenzie*, 887 So. 2d at 866. The problem, it seems, can be traced back to the Nineteenth century, when "Alabama courts used England's common law system of pleading." Linda Suzanne Webb, *Limitation of Tort Actions Under Alabama Law: Distinguishing Between the Two-Year & the Six-Year Statutes of Limitation*, 49 Ala. L. Rev. 1049, 1050 (1998). Under that outmoded system,

> one could bring actions for trespass and trespass on the case to remedy injuries to *oneself* or one's property. Although Alabama has adopted rules of civil procedure which eliminate the common law writs, the distinction between trespass and case remains crucial in determining the statute of limitations for certain personal and property injuries.

*Id*. at 1050 (emphasis supplied). *See also Citizens Bank & Savings Co. v. Wolfe Sales Co.*, 394 So. 2d 491, 493 (Ala. 1981) (noting that "[t]he Alabama Rules of Civil Procedure [did not] . . . eliminate the distinctions between trespass and trespass on the case insofar as those distinctions make a difference in the applicable statute of limitations"). Still today, if the action is characterized as a "trespass to person or liberty," the controlling statute is Alabama Code § 6-2-34(1), which allows six years to file a claim; if, on the other hand, the action is trespass on the case, the plaintiff has

only two years to bring suit under Alabama Code § 6-2-38(*l*).  *See* Webb, 49 Ala. L.

Rev. at 1051 (stating that "the distinction between trespass actions under section 6-2-

34 and actions falling under section 6-2-38 turns on whether the wrongful conduct

constitutes an action for trespass or trespass on the case"); *McKenzie*, 887 So. 2d at

866 (stating "with comfort" that "the statutory period of limitations for an action in

trespass is six years and that the statutory period of limitations for an action in

trespass on the case is two years").

Making matters worse, until *McKenzie* (and as reflected in *Crowl*) the Alabama

judiciary was split on the type of conduct rendering a claim one for "trespass" as

opposed to merely an action in "case."  As noted in 1 Am. Jur. 2d *Actions* § 23:

> Common law recognizes a distinction between the actions of trespass .
> . . and trespass on the case.  This distinction has been expressed by
> stating that a tort committed by the direct application of force is
> remediable by an action for trespass, while a tort accomplished
> indirectly is a matter for trespass on the case.  Other authority makes the
> distinction on the basis of the defendant's intent, stating that trespass
> involves a willful and deliberate act while trespass on the case
> contemplates an act or omission resulting from negligence.

Whichever school of thought had more followers in this state prior to *McKenzie*, it

is now abundantly clear that Alabama courts are to examine one essential criterion in

differentiating the two actions for statute of limitations purposes — intent.  In

*McKenzie*, the court stated:

> We overrule [all previous cases] to the extent that those cases prefer the theory of causality over intent as the mechanism for distinguishing between actions for trespass and for trespass on the case.  As the Court recognized in *Johns*, wanton conduct is the equivalent in law to intentional conduct.  Such an allegation of intent renders the six-year statutory period of limitations applicable.

*McKenzie*, 887 So. 2d at 870.[42]   Therefore, contrary to Victory's assertion that "Plaintiff's cause of action here is not in trespass (indeed it was Plaintiff, not Victory, who was trespassing),"[43] there can be little doubt that plaintiff's complaint contains the exact type of allegation contemplated by the court in *McKenzie*.[44]   Strange as it may sound to a member of the modern bar, for purposes of Alabama Code § 6-2-34(1), plaintiff's wantonness claim is very much an action in trespass.  *See McKenzie*, 887 So. 2d at 870.

In light of the foregoing, the court finds that plaintiff's amended complaint

---

[42] Moreover, the court reaffirmed that, "'[t]o prove wantonness, it is not essential to prove that the defendant entertained a specific design or intent to injure the plaintiff.'" *McKenzie*, 887 So. 2d at 871 (quoting with approval *Roush*, 723 So. 2d at 1256).

[43] *See* doc. no. 54 at 6 n.2.

[44] Victory also errs in attempting to distinguish *McKenzie* on the ground that it was a car accident case rather than a premises liability case, like *Crowl*.  The holding in *McKenzie* is in no way limited to the realm of vehicular collisions.  In fact, the court in *McKenzie* explicitly overruled cases involving, for example, leaking gasoline tanks and leaking sewage tanks, to the extent that the holdings in those cases resulted from reliance on a causality analysis to differentiate trespass and case.  *McKenzie*, 887 So. 2d at 863, 870.  Presumably, one of the central reasons that the court in *McKenzie* cited so many motor vehicle cases is because they almost always involve allegations of *direct force*, a component of the now-defunct causality calculus.  *See id.*  Today, *McKenzie* appears to be the preeminent authority for determining which statute of limitations applies, regardless of whether the case at hand can be characterized as a "premises liability dispute," a "car accident case," or any other permutation of a personal injury lawsuit.

states a cause of action for wantonness.  Because wantonness claims are governed by a six-year statute of limitations, plaintiff's amendment adding a wantonness claim against Victory was timely under Alabama law, regardless of compliance with the relation back rules of Fed. R. Civ. P. 15(c).

## C.    Negligence

Having concluded that the complaint states a valid claim for wantonness, thus affording plaintiff the benefit of the six-year limitations period, it remains to be determined, to the extent that the complaint also states a claim for negligence, whether relevant relation back rules permit plaintiff to continue to litigate this theory. In this respect, the court notes that, any argument for collateral estoppel is inapposite insofar as the negligence claim is concerned.  The Circuit Court of Jefferson County, in denying Victory's motion to dismiss, merely held that, regardless of whether a negligence claim was embedded within the language of plaintiff's cross-claim, the presence of a wantonness claim precluded dismissal under Ala. R. Civ. P. 12(b)(6).[45] Thus, the issue of whether a negligence claim survived was not "actually decided," as required for collateral estoppel. *See*, *e.g.*, *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1059 (11th Cir. 1987) (emphasizing that, "[w]hen the requirements for issue preclusion are met, the parties may be prevented from relitigating issues actually

---

[45] *See* doc. no. 53, Exhibit I.

-18-

decided in a prior action"); *Lee L. Saad Constr. Co. v. DPF Architects*, *Inc.*, 851 So.

2d 507, 520 (Ala. 2003) (stating that, "'[o]nly issues *actually decided* in a former

action are subject to collateral estoppel'") (quoting *Gilmore v. Leverette*, 479 So. 2d

1229, 1237 (Ala. 1985) (emphasis in original).  This court, then, must determine on

its own whether relation back is proper.

     In the Initial Order, the court dismissed all fictional defendants named in the

caption of plaintiff's complaint on the ground that there is no provision for fictitious

party practice under federal law.[46]  *See*, *e.g.*, *New v. Sports & Recreation*, *Inc.*, 114

F.3d 1092, 1094 n.1 (11th Cir. 1997).  But, as noted therein, Fed. R. Civ. P. 15(c)

does provide a potentially significant exception to the general rule.  *See*, *e.g.*, *Saxton

v. ACF*, 254 F.3d 959, 962 (11th Cir. 2001) (*en banc*).  Rule 15(c) provides, in

pertinent part, as follows:

> An amendment of a pleading relates back to the date of the original
> pleading  when
>> (1) relation back is permitted by the law that provides the statute
>> of limitations applicable to the action, or
>> (2) the claim or defense asserted in the amended pleading arose
>> out of the conduct, transaction, or occurrence set forth or
>> attempted to be set forth in the original pleading.

*Id.*[47]  As the rule makes clear, if the portion of the amendment adding Victory as a

---

[46] *See* doc. no. 20 (Initial Order Governing All Further Proceedings) at 5.

[47] The court pretermits discussion of Fed. R. Civ. P. 15(c)(3) because, as stated in *Powers v. Graff*, 148 F.3d 1223 (11th Cir. 1998), "[t]he Rule 'permits an amendment to relate back *only* where there has been an error made concerning the identity of the proper party and where that party

defendant relates back, subsection (2) at least arguably ensures that the addition of the *claim* will relate back, because plaintiff's allegation that Victory breached the standard of care arises out of the same occurrence that gave rise to plaintiff's claim against certain other defendants for negligence — *i.e.*, the twenty-foot fall.  *See id.*

Notwithstanding that, because plaintiff's amendment added a *defendant* in addition to a *claim*, it is not sufficient merely to satisfy Fed. R. Civ. P. 15(c)(2).  *See Pompey v. Lumpkin*, 321 F. Supp. 2d 1254, 1258 (M.D. Ala. 2004).  Rather, where, as here, the amendment adds a defendant and subsection (c)(3) is not available, "the Eleventh Circuit [has] held that subsection (c)(1) allows federal courts to apply state relation-back law 'in a diversity case where state law provides the applicable statute of limitations.'"  *Id.* at 1258-59 (quoting *Saxon*, 254 F.3d at 963).  This court's jurisdiction over the dispute between plaintiff and Victory rests on diversity grounds,[48] and Alabama Code § 6-2-38(*l*) provides the statute of limitations to the extent that the claim under consideration sounds in negligence.  Accordingly, the court must look to state law to determine whether relation back is permitted.  *See Saxton*, 254 F.3d at 963.

---

is chargable with knowledge of the mistake, *but it does not permit relation back where . . . there is a lack of knowledge of the proper party.*'"  *Id.* at 1226-27 (alterations in original) (internal citations omitted) (some emphasis supplied).  Here, of course, plaintiff made no error concerning Victory's identity, but in fact lacked sufficient knowledge to ascertain the proper party.

[48] *See* doc. no. 33, ¶ 3.

Under Alabama law, relation back of amendments is governed by Ala. R. Civ. P. 15(c).  Although the Rule contains four subsections, each providing different grounds for relation back, only subsection (c)(4) potentially is applicable in this case.[49]  That subsection provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . (4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." Ala. R. Civ. P. 15(c)(4). Rule 9(h), in turn, provides that:

> When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings . . . may be amended by substituting the true name.

Ala. R. Civ. P. 9(h).  Despite the rather straightforward nature of the Rule's language, the Alabama Supreme Court has animated this provision, stipulating that two requirements must be met in order to take advantage of the tolling feature.  First, "plaintiff must state a cause of action against the fictitious party *in the body of the original complaint*"; second, "plaintiff must be ignorant of the identity of the

---

[49] *See* Champ Lyons, Jr., *1 Alabama Rules of Civil Procedure Annotated, Rule 15*, at 15.9 (observing that "[t]he reference to fictitious parties at Ala. R. Civ. P. 15(c) specifically states that such a change is not an amendment changing parties and, consequently, Ala. R. Civ. P. 15(c)(1) and Ala. R. Civ. P. 15(c)(2) have no bearing in this context"); Ala. R. Civ. P. 15, Committee Comments on 1973 Adoption (instructing that "the Rule treats amendments changing parties on the one hand, and amendments substituting real parties for fictitious parties on the other hand, separately.  An amendment changing parties relates back if the requirements of Ala. R. Civ. P. Rule 15(c) are satisfied.  An amendment substituting a real party for a fictitious party relates back provided that the provisions of Rule 9(h) are satisfied").

fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued." *Sherrin v. Bose*, 608 So. 2d 364, 365-66 (Ala. 1992) (emphasis supplied) (quoting *Columbia Eng'g Int'l Ltd. v. Espey*, 429 So. 2d 955, 958-59 (Ala. 1983)).  Victory's motion to dismiss is due to be granted to the extent that it seeks to exclude any claim based on negligence, because plaintiff failed to comply with the first judicially-imposed requirement.

Plaintiff argues that he "sufficiently included defendant in the complaint by describing the area and the 20 foot cliff."[50]  But in fact, plaintiff *did not* describe "the area" until a single sentence doing so was added *with the amendment*.  The sentence in the amended complaint states that "[t]here was no fence or barrier to protect the Plaintiff or the general public from injury if they were to go over the cliff, nor were there any warning signs regarding the cliff."[51]  Whatever effect this sentence might have had, had it been included in the original pleading, it certainly does not satisfy Alabama's requirement that a cause of action be stated against the fictitious party in the body of the *original* complaint.  *See Sherrin*, 608 So. 2d at 365.

---

[50] Doc. no. 53, at 10-11.

[51] Doc. no. 33, ¶ 15.  The only relevant passage in the original complaint, contained within the same paragraph, states only that "Plaintiff stopped at the edge of a 20 foot cliff," and that defendant O'Rear's tackling of plaintiff caused them both to "plummet down a 20 foot cliff."  *See* doc. no. 1, ¶ 14.  This hardly amounts to the assertion of a cause of action against the owner of the premises embracing the place where the cliff is located.

In fact, the only place where plaintiff even alludes to a fictitious party is in the caption of the original complaint, which merely identifies the fictitious parties as "those persons, firms, corporations, or entities whose negligent intentional and wanton actions or omissions caused the injuries complained of herein."[52]   This is plainly insufficient; the Alabama Supreme Court has repeatedly stated that "a caption to a pleading is only the label by which to identify it and is not the determining factor of what the pleading actually is or what it states.  A court must look to the allegations *in the body of the complaint* in order to determine the nature of a plaintiff's cause of action."  *Rutley v. Country Skillet Poultry Co.*, 549 So. 2d 82, 84 (Ala. 1989) (emphasis supplied).  *See also Minton v. Whisenant*, 403 So. 2d 971, 972 (Ala. 1981) (holding that plaintiff's description of the fictitious defendants in the caption as "that entity or those entities who were the co-employees of the Plaintiff and who were negligent and whose negligence contributed to Plaintiff's injuries" was insufficient to state a cause of action because claims must be stated in the body of the complaint) (internal quotations omitted); *Robinson v. Graves*, 456 So. 2d 793, 794 (Ala. 1984) (holding that the naming of a fictitious party in the caption of a complaint along with a description of the conduct complained of is not tantamount to stating a cause of action against that defendant in the body of the complaint).

---

[52] *See* doc. no. 1.

Instead, "[i]n order to state a cause of action against a fictitiously named defendant in the body of the original complaint, the complaint must contain a description of the wrongdoing on the part of the fictitiously named defendant." *Ex Parte Stover*, 663 So. 2d 948, 951(Ala. 1995).  But nowhere in the body of plaintiff's original complaint did he make any effort to expound on any fictitious party's conduct which would give rise to a cause of action, nor did plaintiff include within the body of the complaint a theory of recovery against any fictitious party.  While it is true that "'[o]ne need not state with more particularity a cause of action against an unknown party as compared to a named party,'" the plaintiff must at the very least provide sufficient information to satisfy "'our liberal notice pleading rules.'"  *Id.* at 952 (quoting *Columbia*, 429 So. 2d at 960).  "The plaintiff in this case did not meet this basic requirement."  *Minton*, 402 So. 2d at 974.  Thus, further litigation of any negligence theory of recovery is barred by Alabama Code § 6-2-34(1).

### III.  CONCLUSION

For the foregoing reasons, Victory's motion is due to be granted insofar as it seeks dismissal of any claim against it for negligence, and is otherwise due to be denied, as plaintiff's complaint states a viable claim for wantonness.  An appropriate order will be entered contemporaneously herewith.

-24-

DONE this 28th day of June, 2005.

United States District Judge